IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-9,727-29






EX PARTE CHARLES LEWIS HATCHER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 229074 IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to forty (40) years' imprisonment. 

 Applicant contends that he is being erroneously classified as a sex offender because he has
never committed or been convicted of a sex offense.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), including ordering affidavits from the
appropriate officials of the Texas Department of Criminal Justice - Correctional Institutions Division
and Parole Division. In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether this application is barred as a
subsequent application. See Tex. Code Crim. Proc. art. 11.07, Sec. 4 (a) (1), (c) (Vernon 2006). 
If the application is not barred as a subsequent application, the trial court shall make findings as to
whether Applicant has ever committed or been convicted of a sex offense. If he has not, the trial
court shall make findings as to whether Applicant is being classified as a sex offender, and if so,
why. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 13, 2006

Do not publish